### DIKER v. HUTCHINSON.

(Supreme Court, Appellate Term. April 24, 1906.)

LANDLORD AND TENANT—TERMINATION OF LEASE—SURRENDER.

A lease dated January 25th for a year and three months stipulated that two months' notice should be given before the expiration of the lease, or the same should be renewed for one year at the same terms. The lessee vacated the premises about May 1st in the following year. No written notice of his intention to vacate was given. He did not know whether he gave the key to the landlord or to the elevator boy, or whether he left it in the office. He did not know when the landlord said he would accept the surrender of the lease. *Held* not to warrant a finding that the landlord accepted a surrender before the expiration of the lease.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by George Diker against Edwin B. Hutchinson. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Simon Sultan, for appellant.
McLaughlin & Stern, for respondent.

TRUAX, J. The action was brought to recover three months' rent, under the lease made by the plaintiff as lessor to the defendant as lessee. The lease is under seal, and is dated January 25, 1904, and is for the term of one year and three months. The lease contains the provision:

"That, in case of default of any of the covenants, the landlord may resume possession of the premises, and relet the same for the remainder of the term at the best rent he can obtain for and on account of the tenant, who shall make good any deficiency."

It also contained a provision that:

"Two months' notice shall be given by either party before the expiration of the lease, and that in case such notice was not given, the lease shall be renewed for one year at the same terms, and the same for each subsequent year."

The defendant vacated the premises on or about the 1st day of May, 1905. It is conceded that no written notice was given by him of his intention to vacate the premises. He claims, however, that he notified the plaintiff of his intention to move on the 1st day of May, and that the plaintiff said "All right," and that subsequently he delivered the key of the apartments to the plaintiff, or some one connected with the plaintiff.

I am of the opinion that the evidence did not warrant the justice in finding that the plaintiff accepted a surrender of the apartment before the expiration of the lease. The defendant's testimony is altogether too vague and uncertain. He does not know whether he gave the key to the plaintiff, or whether he gave it to the elevator boy, or whether he left it in the office. He does not know when the plaintiff said he would accept the surrender of the lease.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.